AB:JV
F# 2019R00780

19m649

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT |
| - against - | |
| RAMEIK GARRIS, | (18 U.S.C. § 2113(b)) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      Michael O. Gildea, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

      On or about and between May 21, 2019, and May 22, 2019, within the Eastern District of New York and elsewhere, the defendant RAMEIK GARRIS did, with intent to steal or purloin, take money exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of a bank, to wit, TD Bank located at 4101 Queens Boulevard, Sunnyside, New York.

      (Title 18, United States Code, Section 2113(b))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving bank robberies, burglaries, thefts and other related crimes. For the past four years, I have been assigned to the Violent Crimes and Joint Bank Robberies Task Force. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. The defendant RAMEIK GARRIS is employed by Garda World, a money courier that maintains and services automated teller machines ("ATMs"). Specifically, Garda World services TD Bank ATMs, including ATMs located at 4101 Queens Boulevard, Sunnyside, New York (the "Sunnyside TD Bank"). As part of his duties, GARRIS services the Sunnyside TD Bank ATMs, including filling the ATMs with cash, removing deposited checks and cash, removing jams, and emptying the diversion bins.

3. The ATM diversion bins collect cash that is automatically diverted due to errors during transactions. The ATM tracks how much money is collected in the diversion bin. As part of his duties, the defendant GARRIS was required to take any cash collected in the diversion bin, place it in a secure deposit bag, and bring it back to Garda World, where it would be credited to TD Bank.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

4. At the Sunnyside TD Bank, there are 3 ATMs inside of the bank.

5. On May 21, 2019, from approximately 8:32 to 8:38 p.m, surveillance cameras captured digital video recordings of the defendant GARRIS servicing one of the Sunnyside TD Bank ATMs. While servicing this Sunnyside ATM (hereinafter "ATM 1"), GARRIS opened ATM 1, exposing the inside of the machine. Surveillance video recordings show that a folded wad of cash was concealed and stored in ATM 1's internal area, not visible to the public but viewable and accessible only when the ATM was opened. The cash was concealed and stored in an area containing wiring, machinery and a computer keyboard and not designed for the storage of cash.

6. Surveillance cameras show that the cash was within the defendant GARRIS' unobstructed field of vision as he serviced ATM 1. For at least six minutes and thirty seconds, GARRIS worked in the internal area of ATM 1 where the cash was stored and concealed.

7. Nonetheless, the defendant GARRIS did not take the cash at that time. Instead, GARRIS left the cash in the internal area where it was not visible once the ATM was closed, closed the ATM and left the bank.

8. On May 22, 2019, at or about 3:35:02 a.m., surveillance cameras captured digital video recordings of an individual entering the Sunnyside TD Bank. The individual was wearing a hooded jacket and gloves, and attempting to obscure his identity.

9. The individual proceeded directly to ATM 1 and opened ATM 1 using a Garda World physical key and electronic code. After opening ATM 1, the individual reached straight to where the cash was concealed, took the concealed cash, closed the ATM and departed the Sunnyside TD Bank. The individual departed the Sunnyside TD Bank at

approximately 3:36:03 a.m. The entire process took approximately 1 minute. The individual did not take any other cash stored in ATM 1 and did not open any other ATMs.

10. At or about 4:02 a.m. on May 22, 2019, a vehicle registered to the defendant GARRIS crossed the Verrazano Bridge from Brooklyn to Staten Island, where GARRIS resides. The approximate 26 minute time difference is consistent with travel from the Sunnyside TD Bank to the Verrazano Bridge at that time of night.

11. ATM 1's computer ledger showed that $1,180.00 should have been collected in the machine's diversion bin on May 21, 2019, when GARRIS serviced the machine, and on the morning of May 22, 2019. On May 22, 2019, at or about 2:41 p.m., TD Bank personnel inspected ATM 1 and found that the diversion bin was empty and missing $1,180.

WHEREFORE, your deponent respectfully requests that the defendant RAMEIK GARRIS be dealt with according to law.

_____
Michael O. Gildea
Detective, New York City Police Department

Sworn to before me this
17th day of July, 2019

_____
THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK